UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL SHOTWELL,<br><br>            Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>            Respondent. | Case No.  2:24-cv-0318-JDP (P)<br><br>**ORDER**<br><br>DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT THIS ACTION BE DISMISSED AS UNTIMELY<br><br>ECF No. 6 |

    Petitioner, a state prisoner, brought this action under section 2254 and alleged several claims related to a conviction that was finalized in 2019. ECF No. 1 at 1-2. In my screening order, I explained to petitioner that his claims appeared to be time-barred. ECF No. 5. I gave him an opportunity to amend, however, and to explain why this action should still proceed. He has submitted an amended petition, ECF No. 6, that fails to make a compelling showing that he should be allowed to proceed despite being past the statute of limitations. Accordingly, I now recommend that the petition be dismissed.

1

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As I explained in my previous screening order, petitioner brought claims related to this underlying conviction in *Shotwell v. Couello*, No. 2:22-cv-02176-TLN-EFB. Those claims were time-barred by the one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at ECF Nos. 16 & 17. In his current petition, petitioner does not appear to argue that his claims are timely; instead, he argues that his claims should still proceed because the state courts' adverse decisions were contrary to clearly established federal law. ECF No. 6 at 7. All federal habeas petitioners necessarily allege that the state court decisions underlying or upholding their convictions are violative of federal law, otherwise their petitions would be nonstarters. AEDPA's statute of limitations would be meaningless if it did not apply to petitions so alleging. Thus, it appears that petitioner's claims are time-barred, and I now recommend that the petition be dismissed.

It is hereby ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the amended petition, ECF No. 6, be DISMISSED as time-barred and the Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  November 14, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE